UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GHIZLAINE FAKIR,

                                Plaintiff,

             -v-

SKYRISE ROCK CORP., *et al*,

                                Defendants.

16-CV-4695 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Ghizlaine Fakir initiated this action on June 20, 2016, by filing a complaint in this Court raising claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), New York State Labor Law ("NYLL"), and the New York City Human Rights Law ("NYCHRL"). (Dkt. No. 1 ("Compl.").) On August 23, 2016, Defendants Skyrise Rock Corp. ("Skyrise"), Iqbal Kaknia, and Nestor Martinez moved to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 11.) For the reasons that follow, their motion is granted in part and denied in part.

**I.    Background**

    The following facts are taken from the Complaint and are presumed true for the purposes of this motion.

    From late 2005 through March 2016, Plaintiff Ghizlaine Fakir worked as a cashier and food preparer at a delicatessen in Rockefeller Center owned and operated by Defendant Skyrise. (Compl. ¶ 9, 19.) Defendants Kaknia and Martinez each served as Fakir's supervisor and had the power to directly affect the terms of her employment. (*Id.* ¶¶ 12-15.) Fakir alleges that from May 1, 2010, through March 24, 2016 (when she quit working for Skyrise), she was paid at an hourly rate that was below the applicable minimum wage and that Defendants failed to pay her

for overtime work. (*Id.* ¶¶ 23-73.) She also alleges that beginning in 2013, Defendants Kaknia and Martinez made derogatory comments about her on the basis of her religion. (*Id.* ¶¶ 74-89.)

In this action, Fakir asserts nine causes of action under the FLSA, NYLL, and NYCHRL. She alleges violations of minimum wage and overtime requirements under the FLSA (*id.* ¶¶ 96-106); violations of minimum wage, overtime, and spread-of-hours pay requirements, as well as violation of the Wage Theft Prevention Act under NYLL (*id.* ¶¶ 107-130); and three causes of action for discrimination under the New York City Administrative Code and NYCHRL (*id.* ¶¶ 131-139). Defendants move to dismiss all of Fakir's claims. (Dkt. No. 11.)

## II.     Discussion

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, courts must accept as true all factual allegations contained in the complaint and must draw "all inferences in the light most favorable to the non-moving party." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.) (citation omitted).

In their motion to dismiss, Defendants raise three arguments. First, they argue that Fakir has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Second, they argue that she has failed to plead compliance with the service requirements of the New York City Administrative Code. Third, Defendants argue that Fakir's FLSA claims are barred by the statute of limitations.

### A. Pleading Standard

Defendants argue that Fakir's claims should be dismissed as they fail to meet the heightened pleading standard imposed by Rule 9(b) of the Federal Rules of Civil Procedure. (Dkt. No. 11 at 4-5.)

However, the heightened pleading standard of Rule 9(b) applies only to allegations of "fraud or mistake." Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Absent allegations of fraud or mistake, a complaint must satisfy the ordinary standard of Federal Rule of Civil Procedure 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Twombly*, 550 U.S. at 555.

Plaintiff here raises no claims of fraud or mistake. None of Fakir's claims, under FLSA, NYLL, and NYCHRL, must be held to the heightened standard of Rule 9(b). And none of the cases Defendants cite to the contrary are apposite here, as they all involve claims sounding in fraud or mistake. *See Aronov v. Mersini*, No. 14 Civ. 7998, 2015 WL 1780164, at *3 (S.D.N.Y. Apr. 20, 2015) (wire fraud); *CCM Rochester, Inc. v. Federated Inv'rs, Inc.*, No. 14 Civ. 3600, 2014 WL 6674480, at *3 (S.D.N.Y. Nov. 25, 2014) (fraudulent inducement); *Barnet v. Drawbridge Special Opportunities Fund LP*, No. 14 Civ. 1376, 2014 WL 4393320, at *11 (S.D.N.Y. Sept. 5, 2014) (fraudulent misstatement); *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 165 (S.D.N.Y. 2014) (fraud); *Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 311 (Bankr. S.D.N.Y. 1999) (fraud).

As such, Defendants' argument that Fakir's claims fail to meet an inapplicable standard is meritless.

### B. Plaintiff's Compliance with NYCHRL

Defendants next argue that Fakir's NYCHRL claims should be dismissed as she has failed to show that she served a copy of the complaint upon the New York City Commission on Human Rights and corporation counsel as required by Section 8-502 of the New York City Administrative Code. (Dkt. No. 11 at 5-6.)

Defendants are correct that the New York City Administrative Code imposes this service requirement. *See* N.Y.C. Admin. Code § 8-502(c) ("Within 10 days after having commenced a civil action pursuant to . . . this section, the plaintiff shall serve a copy of the complaint upon such authorized representatives [of the City Commission on Human Rights and the corporation counsel]."). However, most courts in this district have found that failure to serve under this provision does not justify dismissal. *See Moore v. Consol. Edison Co. of NY*, No. 00 Civ. 7384, 2007 WL 831807, at *12 (S.D.N.Y. Mar. 20, 2007) ("While N.Y.C. Admin Code § 8-502(c) does indeed include such a service requirement, this Court has repeatedly held that failure to satisfy that requirement is not fatal to a plaintiff's claim."). And where courts have dismissed NYCHRL claims on this ground, it has been with leave to replead. *See Branker v. Pfizer, Inc.*, 981 F. Supp. 862, 865 (S.D.N.Y. 1997) (collecting cases).

As such, this Court elects to follow the measured path adopted in *McCormick v. Chase*, No. 05 Civ. 10576, 2007 WL 2456444, at *2 (S.D.N.Y. Aug. 29, 2007). That is, the Court declines to dismiss the NYCHRL claims on this ground at this time, but will require Fakir to provide the Court with proof of compliance with the service requirement within 21 days of this Order.

### C.     Statute of Limitations

Finally, Defendants argue that Fakir's FLSA claims for minimum wage and overtime are time barred.  (Dkt. No. 17 at 2-4.)  Defendants do not challenge Fakir's NYLL or NYCHRL claims on this ground.

Under the FLSA, a plaintiff must bring a claim "within two years after the cause of action accrued."  29 U.S.C. § 255(a).  "The cause of action for FLSA . . . claims accrues on the next regular payday following the work period when services are rendered."  *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) (citing 29 C.F.R. § 790.21(b) (2012)).

The statute of limitation extends from two years to three years where the "cause of action aris[es] out of a willful violation."  29 U.S.C. § 255(a).  "The Second Circuit has explained that 'a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act.'"  *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988)).  "Mere negligence is insufficient," and "[t]he burden is on the employee to show willfulness."  *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009).

Fakir asserts two claims under the FLSA, for failure to pay minimum wage and failure to pay overtime.  (Compl. ¶¶ 96-106.)  She alleges that Defendants' violations were willful, under 29 U.S.C. § 255, and that Defendants engaged in such conduct with full knowledge of the law.  (*Id.* ¶¶ 95, 99, 105.)  In support of this allegation, Fakir asserts that Defendants paid her in cash and starting in January 2013, Defendants altered her time records to make it appear that she had worked less than she had actually worked, withheld her pay until she signed the altered records, and refused to allow her to retain a copy of the records.  (*Id.* ¶¶ 34-37.)  Defendants do not argue

5

that their conduct was not willful or that they were not aware of their obligations under the FLSA.

At this stage, with inferences drawn in Plaintiff's favor, these allegations are sufficient to plead that Defendants' alleged violations of the FLSA were willful and merit the extended three-year statute of limitations. *See, e.g.*, *Moon v. Kwon*, 248 F. Supp. 2d 201, 231 (S.D.N.Y. 2002) (finding FLSA violation willful where defendants, among other things, "flagrantly violated basic recordkeeping requirements and knowingly paid employees off-the-books in cash"); *see also Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011).

However, the three-year statute of limitations does preclude some of Plaintiff's FLSA claims, which seek redress for conduct beginning as early as May 1, 2010. (Compl. ¶ 24.) Plaintiff filed her complaint in this action on June 20, 2016. Because the FLSA's three-year statute of limitations applies, all of Plaintiff's claims under the FLSA that accrued prior to June 20, 2013, are dismissed.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants are directed to answer to Plaintiff's surviving claims within 21 days of this Order. Plaintiff is directed to provide the Court with proof of compliance with Section 8-502 of the New York City Administrative Code within 21 days of this Order.

SO ORDERED.

Dated: December 12, 2016
      New York, New York

                                            J. PAUL OETKEN
                                        United States District Judge